
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
**CHARLES D. McCLINTON,**

        Plaintiff,

- against –

**ROBERT POPDAN**, in his official capacity and individually, *et al.*,

        Defendants.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**
18-CV-5937 (AMD)(VMS)

**ANN M. DONNELLY**, United States District Judge:

On October 22, 2018,[1] *pro se* plaintiff Charles D. McClinton, who is currently incarcerated at the Five Points Correctional Facility ("Five Points") in Romulus, New York, brought this civil rights action against multiple individuals, including Suffolk County police officers, assistant district attorneys, and judges, involved in his state court criminal prosecution. The Honorable Joseph F. Bianco granted the plaintiff's request to proceed *in forma pauperis* on December 19, 2018 (ECF No. 11); the action was reassigned to me on March 11, 2019. For the reasons that follow, the action is dismissed.

## BACKGROUND

The complaint alleges that defendants Detective Robert Popdan and Officer Jason Bishop arrested the plaintiff on July 10, 2015[2] "without probable or reasonable cause" and brought him

---

[1] The complaint is dated May 24, 2018, with an addendum dated September 25, 2018. (ECF No. 1 at 32.) The Long Island office of this Court received the action on October 22, 2018. On March 14, 2019, the plaintiff filed a second copy of the initial complaint, which attached additional exhibits about his criminal conviction and his attempt to remove his criminal proceeding to federal court. (ECF No. 29.)

[2] The complaint also mentions that "Suffolk County Police Department Officials" stopped his car and arrested him on September 7, 2011. (ECF No. 1 at 9, 14.)

to the Fifth Precinct in Patchogue, New York. (ECF No. 1 at 5.)[3] The plaintiff claims that Detective Popdan tried "to force McClinton to sign a statement" that "stat[ed] that an alleged crime had been committed." (*Id.*) According to the plaintiff, the next day, his then-attorney, Mike Petruzziello from Legal Aid, "conspired with E. Creighton," a Suffolk County Assistant District Attorney, to have a grand jury indict him. (*Id.*) The plaintiff asserts that he had a conflict of interest with Mr. Petruzziello and all "Suffolk County Legal Aid Society Attorneys." (*Id.* at 5.) The plaintiff also contends that the indictment was deficient because he was not permitted to appear before the grand jury, and defendants Petruzziello and Creighton refused a grand jury request that the plaintiff answer certain questions. (*Id.* at 24–25.)

The plaintiff also claims that at a March 4, 2016 conference in his criminal case, Suffolk County ADA Robert Langlan conspired with the Honorable John J. Toomey, Jr. to deprive the plaintiff of his "Constitutional Rights," in retaliation for a 2012 "Civil Tort" suit that the plaintiff brought. (*Id.* at 6.)

In 2016, the plaintiff brought New York Article 78 petitions against the defendants, "challenging the[ir] wrongful acts and actions;" he claims that the defendants worked together to present perjured testimony in their responses to his Article 78 petitions. (*Id.* at 5-6, 15.) According to the plaintiff, despite the pending Article 78 petitions, the Honorable Mark Cohen reviewed the indictment, and "ordered that [the plaintiff] be sent" to the Honorable William Condon to be tried for "a charge that did not exist." (*Id.* at 16–17.) Thus, the plaintiff claims that Justices Cohen and Condon "knowingly conspired . . . to deprive McClinton of his constitutional rights, by . . . prosecut[ing] McClinton on boot strapped charges." (*Id.* at 5, 16.)

---

[3] All referenced page numbers correspond to those generated by the Court's Electronic Court Filing system, and not the document's internal pagination.

Based on these allegations, the plaintiff seeks relief under 42 U.S.C. § 1983[4] for violations of his Fourth Amendment right to be free from "unreasonable searches and seizures (*id.* at 9, 15), his right to "life and liberty" under the Fourteenth Amendment (*id.* at 20), his Fourteenth Amendment due process rights (*id.* at 23), his Sixth Amendment right to counsel (*id.* at 24), his First Amendment right "to petition and redress government wrongful acts and actions" (*id.* at 26), and his equal protection rights (*id.* at 28–29).[5] Although the plaintiff claims that he seeks only release from prison (*id.* at 19), he also requests monetary damages between $500,000 and $900,000 (*id.* at 32).

On January 17, 2019, the plaintiff filed an amended complaint. (ECF No. 18.) The amended complaint adds seven defendants: Suffolk County ADA Alfred Croce, Assistant Attorney General Ted O'Brain, the Commissioner of the Department of Corrections, and the Superintendent, Deputy Superintendent, Deputy Superintendent of Programs, and Lieutenant of Five Points. (*Id.* at 2–3.) The plaintiff claims that Assistant District Attorney Croce conspired with Justice Condon to dismiss his Article 440.10 proceeding in state court by opposing the plaintiff's motion. (*Id.* at 4.) The amended complaint also alleges that the remaining defendants conspired to limit his access to the law library at Five Points, restricted his access to legal

---

[4] The plaintiff also appears to bring a claim under criminal conspiracy statutes 18 U.S.C. §§ 241, 242. (ECF No. 1 at 19.) The Court lacks jurisdiction to hear this claim because the statutes do not allow for a private civil action. *See Ippolito v. Meisel*, 958 F. Supp. 155, 161 (S.D.N.Y. 1997) (holding that there is no private right of action under 18 U.S.C. § 241).

[5] In addition to his Section 1983 claims, the plaintiff seeks removal of his New York state criminal court case, which he asserts is proper under 28 U.S.C. § 1443. (*Id.* at 10–11.) On December 26, 2018, in a separate action, *People of the State of New York v. McClinton*, 18-CV-7470, the plaintiff filed a notice of removal purporting to remove his criminal prosecution from Suffolk County to federal court pursuant to 28 U.S.C. § 1443. Judge Bianco found that the notice of removal was untimely, procedurally deficient, and did not meet the requirements of 28 U.S.C. § 1443. He remanded the action to the New York State Supreme Court, Appellate Division, Second Department on January 11, 2019. For the reasons articulated in Judge Bianco's decision, I deny the plaintiff's request to remove his state criminal action. Moreover, the plaintiff was convicted, so there is no longer any criminal prosecution to remove.

materials,[6] and mishandled multiple grievances the plaintiff filed or wanted to file related to his incarceration. (*Id.* at 5–7.)

I need not consider the plaintiff's amended complaint, because he filed it long after the statutory deadline. Pursuant to Fed. R. Civ. P. 15(a), the plaintiff may only amend his complaint as a matter of course "21 days after serving it" or "21 days after service of a responsive pleading" or motion to dismiss. Because the plaintiff is representing himself, I address the claims raised in both the plaintiff's initial and amended complaints.

## DISCUSSION

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys; the court must read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be

---

[6] After filing his initial complaint, the plaintiff requested that the Court order that the Five Points Correctional Facility provide him with law library supplies as well as access to the law library and notary services; he further claims that the prison has failed to deliver mail to the Suffolk County Court. (ECF Nos. 8, 10.) On February 7, 2019, the Court received plaintiff's motion captioned "Imminently Life Danger." (ECF No. 20.) However, the motion does not allege any imminent physical danger. Instead, it renews plaintiff's complaints about his access to the law library and to legal papers.

granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when the claim is based on an "indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Similarly, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A.

The plaintiff has filed multiple lawsuits in this Court[7] and other courts.[8] A "court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *International Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (internal quotation marks omitted)). I, therefore, take judicial notice of the filings in the plaintiff's prior suits.

The plaintiff brought an action based on the same facts—*McClinton v. Suffolk Cnty. 7th Precinct, et al.*, 16-CV-2507 (filed May 16, 2019); he alleged civil rights violations against defendants Popdan, Toomey, Langlan, Cohen, Spota, Petruzziello, and others related to his July

---

[7] *See McClinton v. Suffolk Cnty. Police 3rd Precinct, et al.*,12-CV-3777 (closed on May 5, 2015); *McClinton v. Suffolk Cnty., et al.*, 12-CV-3949 (closed November 21, 2012); *McClinton v. DeMarco, et al.*, 12-CV-4992 (closed February 24, 2015); *McClinton v. Ewald*, 12-CV-5283 (closed November 21, 2012); *McClinton v. Suffolk Cnty. Corr. Facility, et al.*, 13-CV-2629 (closed July 8, 2013); *McClinton v. Ms. Pendaruis, et al.*, 13-CV-3335 (closed May 20, 2014); *McClinton v. Suffolk Cnty. District Attorney, et al.*, 13-CV-3673 (closed March 31, 2014); *Lawrence v. Suffolk Cnty., et al.*, 13-CV-4044 (closed November 4, 2013); *McClinton v. Suffolk Cnty. Dep't of Social Servs.*, 14-CV-4149 (closed March 4, 2015), *McClinton v. Suffolk Cnty. 7th Precinct, et al.*, 16-CV-2507 (closed Jan. 20, 2017); *McClinton v. Suffolk Cnty. Corr. Facility, et al.*, 16-CV-6812 (closed Jan. 26, 2017); *People of the State of New York v. McClinton*, 18-CV-7470 (closed Jan. 11, 2019).

[8] *See, e.g., McClinton v. Graham, et al.* 18-CV-752, 2018 WL 4565772 (N.D.N.Y. Sept. 24, 2018) (summarizing plaintiff's history of litigation in that court, including prior enforcement of the "three strikes" rule set forth in 28 U.S.C. § 1915(g), and dismissing the complaint under the "three strikes" rule).

10, 2015 arrest and subsequent prosecution. On October 3, 2016, Judge Bianco dismissed most of the claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and because all but one of the defendants were justices, judges, assistant district attorneys, and public defenders, who are either immune from suit or not proper parties to a Section 1983 action. *See* slip op. (E.D.N.Y. Oct. 3, 2016) (dismissing claims related to his then pending criminal prosecution, except for his claim for false arrest). After the plaintiff informed the Court that he had been convicted on June 30, 2016, Judge Bianco dismissed the remaining false arrest claim pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Slip op. (E.D.N.Y. Jan. 19, 2017) (dismissing claim for false arrest against Robert Popdan).

A review of the alleged claims in the initial and amended complaints requires dismissal of this action as well.

### A. Section 1983 Claims

To establish a claim under § 1983, the plaintiff must allege that "the conduct complained of . . . [was] committed by a person acting under color of state law," and "deprived . . . [him] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994); *see Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979) (Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."). Moreover, he must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). Former District Attorney Thomas J. Spota is not alleged to have committed any act against the

plaintiff. Presumably, he is named in his supervisory capacity. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The plaintiffs' claims against District Attorney Spota in his supervisory capacity must be dismissed. The plaintiff, likewise, does not allege that Matthew Muraskin participated in the alleged violations;[9] accordingly, the plaintiff's claims against Mr. Muraskin are dismissed.

Even under the most liberal construction, the plaintiff's claim for money damages is clearly barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court held that a plaintiff claiming a civil rights violation based on a criminal conviction must show that the underlying conviction was overturned, expunged, or otherwise sufficiently undermined. *Id.* at 486–87. *Heck* precludes claims for money damages related to an allegedly unlawful investigation, arrest, trial, and conviction, because any award in a plaintiff's favor would "necessarily imply" the invalidity of his conviction. "[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.*

In *McClinton v. Suffolk Cnty.*, 16-CV-2507, the plaintiff acknowledged that he was convicted of the charges underlying the arrest. Judge Bianco dismissed the action because it was barred by *Heck*. The § 1983 claims alleged in this action fail for the same reason. The plaintiff does not assert that his conviction was overturned or otherwise rendered invalid, and although he

---

[9] Mr. Muraskin appears to be a private attorney who represented the plaintiff during his criminal proceedings.

takes pains to assert that he is not challenging his conviction, it is clear that his constitutional claims flow from his arrest and prosecution. All of the plaintiff's § 1983 claims relating to his arrest and prosecution are dismissed pursuant to *Heck v. Humphrey*.

Moreover, I do not have the authority to grant the plaintiff's release in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (A petition for habeas corpus is the exclusive means for seeking the relief of immediate release from prison; such relief is not cognizable under § 1983.); *see also Poventud v. City of New York*, 750 F.3d 121, 128 (2d Cir. 2014).

In any event, the plaintiff names defendants who are immune from suit, including Judge John J. Toomey, Jr., Justice Mark Cohen, and Justice William Condon as defendants. Judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (quotations and citations omitted). Judicial immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. The Federal Courts Improvement Act of 1996 extends judicial immunity to most actions seeking prospective injunctive relief. Specifically, the Act provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983); *see e.g., Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005).

The plaintiff's claims against the judges are related to the judicial proceedings before them. Accordingly, judicial immunity extends to any claims for injunctive relief, as well as to his claim for damages. Defendants Toomey, Cohen, and Condon are shielded from liability by absolute judicial immunity, and the claims against them are dismissed on this ground as well.

Assistant District Attorneys Creighton, Langlon, and Croce are also immune from suit. "It is well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (internal quotations omitted). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (quotation marks and brackets omitted). Specifically, immunity extends to deciding which offenses to charge, initiating a prosecution, evaluating and organizing evidence for presentation at trial or to a grand jury, and presenting the case at trial. *Id.* Absolute immunity for prosecutorial acts can be defeated only if the prosecutor is alleged to have acted in the complete absence of jurisdiction. *Shmueli*, 424 F.3d at 237. The plaintiff's claims against Assistant District Attorneys Creighton, Langlan, and Croce are centered on their actions in his criminal action, which are clearly protected by prosecutorial immunity. Accordingly, the claims against the prosecutorial defendants are dismissed.

Last, the plaintiff cannot sustain claims against defendant Mike Petruzziello, a Legal Aid attorney who represented the plaintiff in his criminal proceedings. Court-appointed attorneys do not become state actors by virtue of their appointment by the court. *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[C]ourt-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not

subject to suit under 42 U.S.C. § 1983.").

The plaintiff's § 1983 claims are, therefore, dismissed.

B. **Claims Regarding Conditions of Confinement**

Aside from his Section 1983 claims, the plaintiff alleges in his amended complaint that the Superintendent, Deputy Superintendent, and other individuals at Five Points have not delivered his mail to the Suffolk County Supreme Court and have restricted his access to legal materials and the law library. (ECF No. 18.) As the plaintiff correctly notes in the amended complaint, these defendants reside, and their alleged wrongful acts occurred, in Romulus, New York, which is located in the Western District of New York. (*Id.* at 4.) Under 28 U.S.C. § 1391,[10] a civil action may be brought in a judicial district "in which any defendant resides" or where "a substantial part of the events or omissions giving rise to the claim occurred." In this case, the plaintiff's claims related to the conditions of his confinement are improperly filed in this Court.[11] The plaintiff's claims concerning his imprisonment conditions are dismissed without prejudice to renew in the proper venue.

C. **"Three Strikes" Warning**

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, ("PLRA"), 28 U.S.C. § 1915(g), established a "three strikes" rule which provides:

> In no event shall a prisoner bring a civil action . . . under [Section 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury.

---

[10] 28 U.S.C. § 1391 "govern[s] the venue of all civil actions brought in district courts of the United States." 28 U.S.C. § 1391(a).

[11] The plaintiff's additional motions alleging "imminently life danger" and seeking access to the law library at Five Points Correctional Facility (ECF Nos. 8, 10, 20) are denied without prejudice to filing in the appropriate district court.

28 U.S.C. § 1915(g). Under this provision, when a prisoner has filed three or more cases that were dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted, the prisoner's *in forma pauperis* status may be revoked and any future *in forma pauperis* cases may be dismissed, unless they meet the "imminent danger" exception.

This is the plaintiff's fourth *in forma pauperis* action in this Court to be dismissed as frivolous or malicious or for failure to state a claim. *See McClinton v. Ms. Pendaruis, et al.*, 13-CV-3335, 2014 WL 2048389 (E.D.N.Y. May 19, 2014) (granting motion to dismiss for failure to state a claim); *McClinton v. Suffolk Cnty. District Attorney, et al.*, 13-CV-3673 (E.D.N.Y. March 31, 2014) (dismissed *sua sponte* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)); *McClinton v. Suffolk Cnty. 7th Precinct, et al.*, 16-CV-2507 (E.D.N.Y. Jan. 20, 2017) (dismissed *sua sponte* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)). The "three strikes" rule has already been enforced against him in the United States District Court for the Northern District of New York. *See McClinton v. Graham, et al.* 18-CV-752, 2018 WL 4565772 (N.D.N.Y. Sept. 24, 2018) (summarizing plaintiff's history of litigation in that court, including prior enforcement of the "three strikes" rule set forth in 28 U.S.C. § 1915(g), and dismissing the complaint under the "three strikes" rule). The plaintiff's *in forma pauperis* status may be revoked if he files new cases that do not meet the "imminent danger" exception.

## CONCLUSION

The plaintiff's § 1983 claims are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). His claims related to conditions at his facility in the Western District of New York are dismissed without prejudice to filing in the proper court;

11

his pending motions relating to these conditions (ECF Nos. 8, 10, 20) are also denied. The plaintiff's motion seeking discovery (ECF No. 30) is denied as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to issue judgment and close this case.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
April 17, 2019