UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
      :
**CHARLES D. McCLINTON**,
      :
               Plaintiff,
      :
     – against –      :  **MEMORANDUM DECISION AND ORDER**
      :
**ROBERT POPDAN**, in his official capacity and individually, *et al.*,  :  2:18-CV-5937 (AMD) (VMS)
      :
               Defendants.
      :
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The *pro se* plaintiff filed this civil rights action on October 22, 2018. On April 17, 2019, the Court dismissed the plaintiff's complaint without leave to amend, and the Clerk of Court entered judgment on April 22, 2019. (ECF Nos. 34, 38.)

      The plaintiff submitted a letter on March 1, 2021, in which he asks to amend the complaint in this action and to be added as an "additional moving party" in separate actions pending before other judges in this Court, *Adeleke v. Johnson*, No. 20-CV-5224, and *Moroughan v. Suffolk County*, No. 12-CV-512. (ECF No. 40.) I construe the submission as a motion for reconsideration, and deny the motion.

      Rule 60(b) allows the Court to relieve a party from a final judgment in certain circumstances, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no

longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).[1] "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Djenasevic v. New York*, No. 17-CV-6366, 2019 WL 2330854, at *2 (E.D.N.Y. May 30, 2019) (quoting *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (internal quotation marks omitted)).

The plaintiff has not raised any grounds that justify reconsideration; he has not identified any legal or factual issues that this Court overlooked. He seeks to "show[]" and "prov[e]" that members of the Suffolk County Police Department violated his constitutional rights "in a custom . . . of unlawful and illegal seizure." (ECF No. 40.) In my April 17, 2019 order, I dismissed the plaintiff's constitutional claims for various reasons, including that they were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 34.) Because the plaintiff's March 1, 2021 submission gives no sufficient reason to reconsider my prior findings, to the extent the plaintiff seeks reconsideration under Rule 60(b), the request is denied.[2]

**SO ORDERED.**

                                                                                     s/Ann M. Donnelly
                                                                                   ANN M. DONNELLY
                                                                                   United States District Judge

Dated: Brooklyn, New York
         March 19, 2021

---

[1] In addition to Rule 60, Rule 59 provides a basis to ask the Court to reconsider. However, under Rule 59, a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The plaintiff filed this letter well after the 28-day deadline had passed.

[2] The plaintiff asks to join cases pending before other judges in this district. I do not have jurisdiction over those cases.